**ADAM J. FISHBEIN, P.C.**
ATTORNEY AT LAW

483 Chestnut Street
Cedarhurst, New York 11516

Telephone (516) 791-4400
Telecopier (516) 791-4411

December 18, 2015

**VIA ECF**
The Honorable Dora L. Irizarry
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**RE:** Nussenzweig v. Specialized
15 CV 1434 (DLI) (PK)

Dear Judge Irizarry:

I represent the plaintiff in the above matter. I am writing to request a pre-motion conference for leave to move to file an amended complaint. The original complaint was filed alleging unlawful collection calls placed to my client in violation of the Fair Debt Collection Practices Act. At this time, plaintiff requests leave to file an amended complaint alleging that additional improper calls were placed to my client which violate the Telephone Consumer Protection Act.

I have made reference to our proposed amended complaint in our response to defendant's motion to stay pending the decision in the *Spokeo v. Robins* case presently before the United States Supreme Court. We believe that since we have alleged actual damages under the FDCPA and will allege actual damages under the TCPA, the action should not be stayed; plaintiff should be granted leave to amend the complaint.

In *Contemporary Mission, Inc. v. New York Times Co.*, 665 F. Supp. 248, 256, 1987 U.S. Dist. LEXIS 13678, *14-17, 14 Media L. Rep. 1921 (S.D.N.Y. 1987) *affd* 842 F.2d 612 (2d Cir. 1988) the court stated

"Because there is only the November 1, 1980 [communication] in question, there is only one "transaction or occurrence" giving rise to the complaint ...That the November 1, 1980 [communication] was a single transaction or occurrence is supported by the policy behind Rule 15. <u>The critical inquiry under Rule 15 is whether the defendant "ought to have been able to anticipate or should have expected that the character of the originally pleaded claim might be altered or that other aspects of the conduct, transaction, or occurrence set forth in the original pleading might be called into question."</u> **When a suit is filed in federal court, the defendant knows that the whole transaction described in it will be fully scrutinized, by amendment if necessary. It knows that discovery will follow, and that leave to amend will be freely granted**.Thus defendant here should have anticipated that other aspects of the November 1, 1980 [communication] might be challenged".(emphasis added) (citations omitted)

1

*Slayton v. Am. Express Co.*, 460 F.3d 215, 228, 2006 U.S. App. LEXIS 20237, *28, Fed. Sec. L. Rep. (CCH) P93,937 (2d Cir. N.Y. 2006) "The purpose of "Rule 15 'is to provide maximum opportunity for each claim to be decided on its merits rather than on procedural technicalities.'" "For a newly added action to relate back, 'the basic claim must have arisen out of the conduct set forth in the original pleading . . . .'". Under Rule 15, the "central inquiry is whether adequate notice of the matters raised in the amended pleading has been given to the opposing party within the statute of limitations **by the general fact situation alleged in the original pleading**.")(emphasis added citations omitted)

The Second Circuit found that, a "suit warns the defendant to collect and preserve his evidence in reference to it. When a suit is filed in a federal court under the Rules, the defendant knows that the whole transaction described in it will be fully sifted, by amendment if need be, and that the form of the action or the relief prayed or the law relied on will not be confined to their first statement.'" *Siegel v. Converters Transportation Inc.*, 714 F.2d 213, 216 (2d Cir. 1983)(quoting Barthel v. Stamm, 145 F.2d 487, 491 (5th Cir. 1944)

An amendment to a pleading "relates back" when "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading . . ." Fed. R. Civ. P. 15(c)(2). "This rule is to be liberally construed.'" *Union Carbide Corp v. Montell N.V.*, 944 F. Supp. 1119, 1140 (S.D.N.Y. 1996) (Scheindlin, J.) (quoting *Siegel v. Converters Tramp., Inc.*, 714 F.2d. 213, 216 (2d Cir. 1983) (per curiam)).*Bensinger v. Denbury Res., Inc.*, 2013 U.S. Dist. LEXIS 94223, *13, 2013 WL 3353975 (E.D.N.Y. July 3, 2013)("Rule 15(c) provides a very "liberal rule of relation back policy." See *Villante v. Dep't of Corr. of City of New York,* 786 F.2d 516, 520 (2d Cir. 1986).") *Slayton v. Am. Express Co.*, 460 F.3d 215, 227, 2006 U.S. App. LEXIS 20237, *26, Fed. Sec. L. Rep. (CCH) P93,937 (2d Cir. N.Y. 2006) ("[I]n reviewing a Rule 15(c)(2) relation back decision, we ask whether the facts provable under the amended complaint arose out of conduct alleged in the original complaint. If so, the amended complaint will relate back."... "If facts provable under the amended complaint arose out of the conduct alleged in the original complaint, relation back is mandatory.  The proper standard of review of Rule 15(c)(2) decisions is therefore de novo and we so hold.")

*White v. White Rose Food,* 128 F.3d 110, 116, 1997 U.S. App. LEXIS 28908, *16, 156 L.R.R.M. 2680, 134 Lab. Cas. (CCH) P10,076 (2d Cir. N.Y. 1997) ("Provided the amended pleading is based on the <u>same series of transactions and occurrences alleged</u> in the original pleading, the revised pleading will relate back to the original pleading, even where the revised pleading contains legal theories not included in the original.") (emphasis added)  *Travelers Ins. Co. v. 633 Third Assocs.*, 14 F.3d 114, 125 (2d Cir. 1994) ("Travelers' amended complaint brings claims . . . based on the very series of transactions and occurrences alleged in the original complaint. Accordingly, the claims in Travelers' amended complaint relate back to the time of the original complaint."). *In re Ahead By a Length, Inc.*, 100 B.R. 157, 170, 1989 Bankr. LEXIS 838, *30-31 (Bankr. S.D.N.Y. 1989)

In *Rubin v. Valicenti Advisory Servs.*, 471 F. Supp. 2d 329, 337, 2007 U.S. Dist. LEXIS 5454, *17-19, 67 Fed. R. Serv. 3d (Callaghan) 274 (W.D.N.Y. 2007) the court found:

"Rule 15(c)'s rationale, which is "that a party who has been notified of litigation concerning a particular occurrence has been given all the notice that statutes of limitations were intended to provide," and its purpose, which is "to provide maximum opportunity for each claim to be decided on its merits rather than on procedural technicalities,'" the Court will not narrowly focus on whether the original third-party answer put defendants on notice of Rubin's subsequent counterclaims, but on the broader, more fundamental question of whether defendants were aware that the matters giving rise to the counterclaims would be at issue in this litigation. "it seems unwise to place undue emphasis on the particular way in which notice is received," and that the better approach "is to determine whether the adverse party, viewed as a reasonably prudent person, ought to have been able to anticipate or should have expected that the character of the originally pleaded claim might be altered or that other aspects of the conduct, transaction, or occurrence set forth in the original pleading might be called into question" (citations omitted)

See also *Tiller v. Atlantic Coast Line R.R.*, 323 U.S. 574, 581 (1945);Travelers Ins. Co. v. 633 Third Assocs., 14 F.3d 114, 118 (2d Cir. 1994) (adding "claims" of waste and breach of contract to "claim" for fraudulent conveyance) *U.S. Dominator, Inc. v. Factory Ship Robert E. Resoff,* 768 F.2d 1099, 1103 (9th Cir. 1985) (stating a claim for salvage of the second ship as part of the same salvage effort); *Grattan v. Burnett,* 710 F.2d 160, 163 (4th Cir. 1983) (describing how both theories arose from single termination); *Jensen v. Times Mirror Co.*, 634 F. Supp. 304, 315 (D. Conn. 1986) (adding invasion of privacy theory to defamation theory)

Allegations that are a "natural offshoot" of the broader conspiracy described in the original complaint relate back to the original complaint. *Slayton v. Am. Express Co.*, 460 F.3d 215, 228 (2d Cir. 2006) (quoting In re Chaus Sec. Litig, 801 F. Supp. 1257, 1264 (S.D.N.Y. 1992)); *Tiller v. Atl. Coast Line R.R.*, 323 U.S. 574 (1945) (finding that an initial complaint alleging negligence claims provided notice of allegation of another similar negligent claim; *Int'l Studies Assoc. v. Transam. Corp.*, No. 72 Civ. 5144 (WCC), 1975 U.S. Dist. LEXIS 15253, at *2 (S.D.N.Y. 1975) (permitting the addition of new claims where, "during the course of discovery, the true nature and extent of defendants' conspiracy … was revealed")).

Thank you for the Court's consideration of the foregoing.


Yours faithfully,

/s/
Adam J. Fishbein

Cc: Amanda L. Genovese, Esq.