UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
MOSHE NUSSENZWEIG, on behalf of
himself and all others similarly situated,

                   Plaintiff,

          -v-

SPECIALIZED LOAN SERVICING, LLC,


                   Defendant.
------------------------------------------------------------x

**MEMORANDUM OPINION
AND ORDER**

**15-CV-1434 (DLI)(PK)**

**KUO, United States Magistrate Judge:**

      In this putative class action, Plaintiff alleges that Defendant Specialized Loan Servicing, LLC violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), by leaving prerecorded and live messages on the Plaintiff's answering machine, failing to indicate that the messages were from a debt collector and failing to meaningfully disclose the caller's identity, which constitutes a deceptive practice.  Complaint, Dkt. No. 1 ("Compl.") ¶¶ 11, 15.  The action is brought on behalf of a class of New York residents who received—at some point during the year prior to the filing of the Complaint— telephone messages from Defendant that are similar to the messages left for Plaintiff.  *Id.* ¶ 18.

      The Complaint seeks, *inter alia*, an award of statutory and actual damages provided under the FDCPA, 15 U.S.C. § 1692(k) but does not allege that Plaintiff or the putative class suffered an injury-in-fact caused by Defendant's alleged messages.  *See* Compl. ¶ 24, p. 5.

      On November 19, 2015, Defendant moved for an order staying all activity in this action pending the United States Supreme Court's decision in *Spokeo, Inc. v. Robins*, 742 F.3d

409 (9th Cir. 2014), *cert. granted*, 135 S. Ct. 1892 (2015) (No. 13-1339).  *See* Dkt. No. 15.

Plaintiff was granted an extension to December 16, 2015 to oppose the motion to stay, but

did not serve his opposition until December 18, 2015.  *See* Dec. 11, 2015 Order; Dkt. No.

21-1.  Defendant filed a reply memorandum of law in further support of its motion to stay

on December 23, 2015.  *See* Dkt. No. 21.

On December 18, 2015, Plaintiff filed a letter-motion requesting a pre-motion

conference before District Judge Dora L. Irizarry on Plaintiff's intended motion for leave to

amend his complaint to assert claims under the Telephone Consumer Protection Act

("TCPA"), 47 U.S.C. § 227.  *See* Dkt. No. 18.  Defendant opposed Plaintiff's request for a

pre-motion conference on December 23, 2015.  *See* Dkt. No. 20.  On January 25, 2016,

Judge Irizarry denied Plaintiff's request for a pre-motion conference on the grounds that,

under Judge Irizarry's individual rules, it should have been addressed to the undersigned.

The parties subsequently agreed, during a conference with the undersigned, that the Court

could treat their letter submissions on Plaintiff's request for a pre-motion conference as a

fully-briefed motion for leave to amend the Complaint ("Motion to Amend").  *See* April 13,

2016 Order.

On January 26, 2016, Judge Irizarry referred Defendant's motion to stay (the "Stay

Motion") to the undersigned.  *See* 28 U.S.C. § 636(b)(1).  Also on January 26, 2016, on

Defendant's oral motion at a status conference, the Court ordered a stay of discovery

pending disposition of the Stay Motion.

On May 16, 2016, the U.S. Supreme Court issued its decision in *Spokeo, Inc. v. Robins*,

No. 13-1339, 2016 WL 2842447 (May 16, 2016), *available at* http://www.supremecourt.gov/

opinions/15pdf/13-1339_f2q3.pdf.  Accordingly, the Stay Motion is moot.

For the reasons set forth below, the Court grants the Motion to Amend.

## I.    **LEGAL STANDARD**

A motion for leave to amend a pleading is governed by Rule 15 of the Federal Rules of Civil Procedure, which provides that leave to amend a pleading should be freely granted "when justice so requires." Fed. R. Civ. P. 15(a)(2). Under this liberal standard, a motion to amend should be denied only if the moving party has unduly delayed or acted in bad faith, the opposing party will be unfairly prejudiced if leave is granted, or the proposed amendment is futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Monahan v. N.Y. Cty. Dep't of Corrections*, 214 F.3d 275, 283 (2d Cir. 2000).

In the Second Circuit, "'mere delay' is not, of itself, sufficient to justify denial of a Rule 15(a) motion[.]" *See Parker v. Columbia Pictures Industries*, 204 F.3d 326, 339 (2d Cir. 2000).  "A court may deny leave to amend that is the product of 'inordinate delay,' but only if 'no satisfactory explanation is offered for the delay, and the amendment would prejudice other parties.'" *Youngman v. Robert Bosch LLC*, 923 F.Supp.2d 411, 415 (E.D.N.Y. 2013) (quoting *Grace v. Rosenstock*, 228 F.3d 40, 53–54 (2d Cir. 2000)).

## II.   **DISCUSSION**

Defendant's principal arguments against Plaintiff's motion for leave to amend are that Plaintiff has not provided enough information about his proposed TCPA claim and has not "explained his delay in raising" it.  *See* Dkt. No. 20, at 2.  Although Defendant submits that its interests must be weighed in determining whether amendment should be permitted because "justice so requires" under Rule 15(a)(2), Defendant fails to articulate any unfair

prejudice it would suffer if the Court allows Plaintiff to assert a TCPA claim.

Here, the parties agreed that Plaintiff's letter requesting a pre-motion conference on his anticipated motion for leave to amend, together with Defendant's letter in opposition thereto, could be treated as a fully-briefed motion to amend. *See* April 13, 2016 Order. In addition, in Plaintiff's opposition to the Stay Motion, Plaintiff laid out the basis for his proposed TCPA claim. *See* Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Stay, Dkt. No. 21-1 ("Pl. Opp."), at 4. Looking at both of these submissions by Plaintiff, it appears that Plaintiff's TCPA claim would be based on the incidents described in the Complaint, as well as "additional improper calls" to Plaintiff, in violation of the TCPA. In addition, Plaintiff states that his amended complaint would also "include detailed actual damages that have caused the plaintiff injury in fact . . . ." Pl. Opp. at 4. The Court finds that under the liberal standard for amendment under Rule 15(a)(2), Plaintiff has provided just enough information about his proposed TCPA claim to support the Motion to Amend.

While it is true that Plaintiff has not, in his written submissions, explained why he did not include a TCPA claim with his initial pleading, or earlier request a pre-motion conference seeking to amend his complaint, such an explanation is typically required only if there has been "inordinate delay." *See Youngman*, 923 F.Supp.2d at 415; *see also Agerbrink v. Model Service LLC*, 14-cv-7841-JPO-JCF, 2016 WL 93865, at *2 (S.D.N.Y. Jan. 7, 2016) ("Simply alleging that the plaintiff could have moved to amend earlier than she did, however, is insufficient to demonstrate undue delay.").

It cannot be said that there has been an "inordinate" or "undue" delay here. The

Scheduling Order entered by Magistrate Judge Pohorelsky on August 27, 2015 provided that "[m]otions to amend pleadings to add claims or defenses shall be filed by November 20, 2015." Dkt. No. 12, at 2. Defendant filed the Stay Motion on November 19, 2016, and at a conference held on November 23, 2015, the Court permitted Plaintiff additional time to determine how to respond to the Stay Motion, given that the parties were engaged in settlement discussions. *See* Minute Entry of November 23, 2015. On December 18, 2015, Plaintiff requested a pre-motion conference on his motion to amend and also served Defendants with an opposition to the Stay Motion.[1] The Court finds that a delay of four weeks, particularly given the posture of the case during that time, was not "inordinate." Defendant argues that the timing of the Motion to Amend is "indicia of a dilatory tactic designed to delay and frustrate SLS's Motion to Stay." Dkt. No. 20, at 2. However, Defendant provides no evidence of bad faith. *See Agerbrink*, 2016 WL 93865, at *3 (citing cases).

## III.   **CONCLUSION**

For the foregoing reasons, Defendant's motion to stay is moot, and Plaintiff's motion for leave to amend the Complaint to assert a TCPA claim is granted. Plaintiff must file his Amended Complaint no later than May 31, 2016.

Dated:  Brooklyn, New York
         May 16, 2016

**SO ORDERED:**

*Peggy Kuo*
PEGGY KUO
United States Magistrate Judge

---

[1] The Court recognizes that Plaintiff's opposition to the Stay Motion was served two days beyond the deadline of December 16, 2015.