**ADAM J. FISHBEIN, P.C.**
ATTORNEY AT LAW

483 Chestnut Street
Cedarhurst, New York 11516

Telephone (516) 791-4400
Telecopier (516) 791-4411

July 14, 2016

**VIA ECF**
The Honorable Peggy Kuo
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

RE:   Nussenzweig v. Specialized
      15 CV 1434 (DLI) (PK)

Dear Magistrate Judge Kuo:

    I represent the plaintiff in the above matter. After some further careful consideration and based upon the travel of the mater as set forth below, plaintiff submits the within application to stay discovery is reasonable pending the ultimate decision as to whether the plaintiff's first cause of action, pursuant to the Fair Debt Collection Practices Act, shall first be able to be amended, which is the subject of plaintiff's intended motion for leave to file a second amended complaint. And, second, whether the FDCPA claim will withstand defendant's eventual motion to dismiss. Interestingly, last evening, Judge Irizarry stayed the defendant's motion to dismiss.

    Perhaps because the defendant decided to move to stay discovery pending the Supreme Court's decision in Spokeo, and candidly perhaps plaintiff agreed to defendant's request, there have been a plethora of emails between Mr. Hubbard and the undersigned. One, prior the motion to stay, plaintiff had served discovery concerning the FDCPA. Ms. Bost-Seaton admitted to me that she was having trouble conferring with her client so she was forced to object to virtually every discovery request. Finally, after having served the responses, she provided some underlying statements but it did not shed any light, inter alia, on the defendant's policies and procedures concerning the FDCPA. Subsequently, I never received and modified responses. However, at some point I guess after defendant's having filed its motion to stay, Ms. Bost-Seaton left the firm. We believe that just like defendant wanted to stay discovery pending the outcome of Spokeo, it seems to be of a similar mindset to stay discovery pending the survival of the first cause of action.

    Most recently, the scheduling of the plaintiff's deposition has caused the result of scores of lines of email between the parties. The plaintiff is away for the summer from July 15th until September 15th. Although the defendant has specifically stated it was not

available to conduct plaintiff's deposition before July 21st they have now been relentless about promptly scheduling the plaintiff's deposition before July 21st, at the same time, defendant has not agreed to adhere to the agreement I had reached with Ms. Bost-Seaton, but inquires of the undersigned as to what was the agreement. The defendant will provide dates that it will be available for deposition until it agrees to the topics of the deposition.

The defendant only noticed the plaintiff for deposition on July 5th stating that plaintiff should show up for his deposition which is to be taken on July 21st despite the fact that the notice was only sent to the plaintiff on July 5th on the next day July 6th after conferring with my client I emailed defendants counsel stating " we want to know how soon can [defendant] take the plaintiff's deposition" To which defendant's counsel responded on July 6th "if you are asking how soon we can take the plaintiff's deposition, then the answer is July 21st."

The Court has set a discovery closure date of January 6, 2017. There is no urgency of taking the plaintiff's or defendant's deposition before September when plaintiff returns especially when many issues concerning written discovery have not been resolved.

Therefore, based upon the rather contentious travel of the matter, and the fact that the matter is still subject to multiple briefs being filed in the present motion to amend and projected motion to dismiss, it will be a great conservation of judicial and attorney resources to hold off what is becoming taxing discovery issues which seemingly will only be resolved through multiple motions to compel. Frankly, currently, I would currently rather concentrate my efforts on the motion to amend which goes to the heart of the jurisdiction in this case. This is especially the case where the Court has not allowed for a reply brief so that we shall address all of defendant's anticipated arguments in our initial brief.

Parenthetically, what is equally troubling is that defendant has persisted our appearing before Your Honor for a settlement conference, but not once has suggested that we confer to determine whether a settlement conference would be appropriate. During our last conference Your Honor was emphatic that if the parties agreed to a settlement conference, the Court would conduct the conference with the expectation that the matter would settle. I would hope that based upon the within representations, if Mr. Hubbard is serious about having meaning settlement discussions, he will confer with me in good faith and not just haul everyone in to waste the Court's time and our time.

According to the defendant the FDCPA claims must and will be dismissed for lack of jurisdiction. The defendant is essentially admitting that should it eventually succeed in securing dismissal, then any of the un-stayed FDCPA discovery would have been a waste of everyone's resources since the discovery would void *ab initio.*

Upon further considered reflection, we request a stay of discovery pending the resolution of the motion to amend since it just seems more prudent to determine. whether the matter shall proceed with the Fair Debt Collection Practices Act claim. Rule 26(d) of the Federal Rules of Civil Procedure provides this Court broad discretion to alter the

2

sequence of discovery "for the convenience of the parties . . . and in the interests of justice." Fed.R.Civ.P. 26(d). See also Transunion Corp. v. PepsiCo, Inc., 811 F.2d 127, 130 (2nd Cir. 1987) ("court has broad discretion to stay discovery until the district court rules on a pending dispositive motion"). See Hachette Distribution, Inc. v. Hudson Cty. News Co., 136 F.R.D. 356, 358 (E.D.N.Y. 1991) ("requests for discovery "properly deferred" until determination on jurisdictional issue") (citation omitted).  Mr. Hubbard stated that he does not believe that the proposed second amended complaint changes anything so that we expect defendant to proceed with a motion to dismiss either complaint.

      Thank you for the Court's consideration of the foregoing.


Yours faithfully,

/s/
Adam J. Fishbein

Cc:  Jon S. Hubbard, Esq.