

JON S. HUBBARD
804.697.1407 telephone
804.697.1339 facsimile
jon.hubbard@troutmansanders.com

TROUTMAN SANDERS LLP
Attorneys at Law
Troutman Sanders Building
1001 Haxall Point
P.O. Box 1122 (23218-1122)
Richmond, Virginia  23219
804.697.1200 telephone
troutmansanders.com

July 21, 2016

**VIA ECF**

The Honorable Peggy Kuo
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY  11201

      **RE:**   *Nussenzweig v. Specialized Loan Servicing LLC*
             **Civil Action No.: 15-cv-01434 (DLI) (VVP)**

Dear Magistrate Judge Kuo:

    This law firm represents Defendant Specialized Loan Servicing, Inc. ("SLS") in the above captioned matter.  This letter moves the Court to compel the deposition of Plaintiff Moshe Nussenzweig and to compel Plaintiff to respond to Defendant's written discovery requests.

    On October 6, 2015, SLS propounded Interrogatories and Requests for Production of Documents.  To date, Plaintiff has failed to provide any responses to SLS's written discovery requests.[1]  Copies of the written discovery to Plaintiff are attached hereto as **Exhibit A**.

    On October 6, 2015, SLS noticed Plaintiff's deposition for November 12, 2015.  Plaintiff failed to appear at the deposition.  A copy of the October 6, 2015 Notice of Deposition is attached hereto as **Exhibit B**.

    On July 5, 2016, SLS again noticed Plaintiff's deposition, this time for July 21, 2016.  A copy of the July 5, 2016 Notice of Deposition is attached hereto as **Exhibit C**.  As set forth in the timeline located below, Plaintiff's counsel refused to coordinate or communicate with counsel for SLS regarding Plaintiff's availability for deposition on July 21, 2016.  Instead, Plaintiff's counsel waited until both he and his client were unavailable for deposition until after September 15, 2016, claiming that Plaintiff is on a two-month long vacation from July 15, 2016 until September 15, 2016.  Plaintiff's counsel purposefully withheld this information in an effort to stall and delay his client's deposition until he was no longer available.

July 5, 2015    The undersigned counsel emailed Plaintiff's counsel, stating **"[w]e would also like to schedule Mr. Nussenzweig's deposition for as soon as possible.  Is he available the week of July 18th?  We will send a Notice."** (SLS 10).[2]  Later that same day, SLS noticed Plaintiff's deposition for July 21, 2016 (Exh. C), and stated in the corresponding email to **"Let me know if Mr. Nussenzweig is not available on the 21st as soon as possible and we can discuss rescheduling for another date."**  (SLS 9).

---

[1] On October 6, 2015, SLS also propounded Requests for Admission on Plaintiff.  To date, Plaintiff has failed to provide any responses to the Requests for Admission, and therefore, pursuant to Fed. R. Civ. P. 36(a)(3), all of the Requests for Admission are deemed admitted.  Accordingly, SLS does not move to compel responses to its Requests for Admission.

[2] Relevant email "chains" are attached hereto as **Exhibit D**.  Counsel for SLS has bates labeled the email communications and will cite to the specific communications as "SLS ___." Email communications from SLS's counsel are in **bold black** font.  Communications from Plaintiff's counsel are in **bold red** font.

RICHMOND     SAN DIEGO     SAN FRANCISCO     SHANGHAI     TYSONS CORNER     VIRGINIA BEACH     WASHINGTON, DC

July 21, 2016
Page 2

|  |  |
|---|---|
|  | Plaintiff's counsel responded by stating, **"We shall get back to you about proceeding with discovery."** (SLS 9). |
| July 6, 2016 | The undersigned counsel emailed Plaintiff's counsel again to request Mr. Nussenzweig's availability for deposition, stating **"We need to know by the end of this week if Mr. Nussenzweig is available for deposition on the 21st, otherwise we will assume that he is and make travel arrangements, secure the reporter, etc. Plaintiff has already failed to appear for an earlier noticed deposition in this matter. Failure to appear at a deposition is subject to sanctions under Rule 34."** (SLS 18). |
|  | Counsel also requested Plaintiff to respond by the end of the week to SLS's written discovery requests **"that were served and due months ago (prior to the stay)."** (SLS 18). |
|  | Plaintiff's counsel responded by stating, among other things, **"If we can resolve the outstanding discovery disputes this week, we want to know how soon can you take the plaintiff's deposition."** (SLS 18). |
|  | Counsel responded by stating, **"I don't understand your second sentence. Are you saying that Mr. Nussenzweig is refusing to appear for deposition until we resolve the outstanding discovery disputes? If so, what is your basis for this position? I want clarity on this point. Are you refusing to have your client appear until you are satisfied with some discovery dispute? Also if you are asking how soon we can take the plaintiff's deposition, then the answer is July 21st."** (SLS 17). |
| July 12, 2016 | After waiting almost an entire week without receiving a response, counsel for SLS again emailed Plaintiff's counsel, requesting Plaintiff's availability for deposition on July 21, 2016 and stating, "**we are willing to change this deposition date based on unavailability of either you or Mr. Nussenzweig.**" (SLS 16-17). Counsel for SLS also requested responses to Defendant's written discovery requests. (SLS 16-17). |
|  | Plaintiff's counsel eventually responded, stating **"I will need some more time on discovery as I have the motion to stay and the motion to amend."** (SLS 15). |
|  | In a separate email, Plaintiff's counsel finally informed counsel that Mr. Nussenzweig was unavailable for deposition on July 21, 2016, stating "**[a]s to the deposition I did not want to postpone the deposition on July 6th I specifically asked you how soon you can schedule my clients deposition as I wanted it to happen as soon as possible but your firm was only available on the 21st my client is away for the summer from July 15th until September 15th."** (SLS 6). |
|  | Counsel for SLS immediately attempted to schedule the deposition prior to Plaintiff's alleged vacation, stating **"We are checking to see about taking [Mr. Nussenzweig's] deposition on Thursday (two days from now)."** (SLS 6). However, Plaintiff's counsel claimed he was not available, stating **"I have court on Thursday and Friday and have a deposition tomorrow."** (SLS 5). |
|  | Later that same day, counsel for SLS requested Plaintiff's availability for deposition "**between now and August 15th."** (SLS 4, 2). Counsel also attempted again to obtain |

28797931

**TROUTMAN SANDERS**

July 21, 2016
Page 3

|  | Plaintiff's written discovery responses (after learning Plaintiff's counsel already had them in his possession). (SLS 4). |
|---|---|
| July 13, 2016 | Plaintiff's counsel responded by admitting that he had known about Plaintiff's unavailability for deposition on July 21, 2016 as soon as he received the Notice of Deposition, stating: **"I did not need to share any information with you at all, if he is not available then we will do it on another date that he is available as long as it is within the discovery time-frame."** (SLS 1).[3] |

To date, Plaintiff's counsel has not provided any availability for Mr. Nussenzweig's deposition. Nor has he provided responses to SLS's written discovery requests. It is clear that Plaintiff's counsel purposefully waited until both he and his client were (allegedly) unavailable for deposition before he disclosed to counsel for SLS that Plaintiff is on vacation and unavailable from July 15, 2016 to September 15, 2016. If Plaintiff's counsel had been forthcoming, the parties could have scheduled the deposition prior to the two-month long vacation. Indeed, Plaintiff's counsel admits that he knew of Plaintiff's alleged unavailability "[a]s soon as [SLS] noticed" the deposition on July 5, 2016. (SLS 1). Plaintiff's counsel, however, purposefully concealed this information and, in fact, believes he has no good faith obligation to "share any information with [SLS] at all" (SLS 1) (despite the undersigned's multiple offers to reschedule the deposition based on availability). By definition, these tactics cannot be considered "good faith."

Furthermore, Plaintiff' counsel appears to believe that he can unilaterally choose how and when SLS will litigate this case, boldly declaring that Plaintiff will appear for deposition on a date that he chooses "as long as it is within the discovery time-frame." (SLS 1). This is contrary to Federal Rules of Civil Procedure. Without moving for a protective order, Plaintiff is subject to sanctions for failing to appear for deposition on July 21, 2016. *See* Fed. R. Civ. P. 37(d)(1)(A)(i) (stating court may order sanctions if a party fails, "after being served with proper notice, to appear for that person's deposition").

At the June 28, 2016 status conference, the Court asked counsel for both parties if discovery should proceed on all claims. Both counsel agreed that it should. SLS has discretion to litigate this case as it sees fit in accordance with the Rules. Defendant has its own reasons for pursuing the deposition of Plaintiff at this stage of the litigation, including, but not limited to, discovering information regarding the applicability of the FDCPA and TCPA to Plaintiff's claims and his alleged claims for damages. The Court should compel Plaintiff to respond to the discovery requests and appear for deposition sometime prior to August 15, 2016. At the very least, Plaintiff or his counsel should explain to the Court and SLS why his deposition should not be compelled and provide further information regarding the alleged two-month long vacation from July 15, 2016 and September 15, 2016.

Respectfully,

*/s/ Jon S. Hubbard*

Jon S. Hubbard

cc:   Adam J. Fishbein, Esquire (via ECF)

---

[3] On July 19, 2016, counsel for SLS attempted to have a phone call with Plaintiff's counsel in a final good faith attempt to resolve these discovery disputes in compliance with Local Rule 37.3(a). Plaintiff's counsel declined.

28797931