**ADAM J. FISHBEIN, P.C.**
ATTORNEY AT LAW

483 Chestnut Street
Cedarhurst, New York 11516

Telephone (516) 791-4400
Telecopier (516) 791-4411

August 3, 2016

**VIA ECF**
The Honorable Peggy Kuo
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**RE:   Nussenzweig v. Specialized
         15 CV 1434 (DLI) (PK)**

Dear Magistrate Judge Kuo:

I represent the plaintiff in the above matter.  Concerning plaintiff's pending motion for leave to file a second amended complaint to address the decision in *Spokeo,* plaintiff respectfully requests leave to bring to the Court's attention a recent decision.

On July 20, 2016, after plaintiff had filed his memorandum of law in support of his motion, *Dickens v. Gc Servs.*, 2016 U.S. Dist. LEXIS 94621 (U.S.D.C Mid.Div. Fl. Tampa Div. July 20, 2016) was decided concerning the same FDCPA allegations.

The Court in *Dickens* already treated the *Spokeo* issue as follows:

> "GC Services' argument suffers from two significant flaws. First, it grossly misreads Spokeo. In that case, the plaintiff alleged a violation of the Fair Credit Reporting Act (FCRA) but did not plead any actual harm, and the Court remanded the case to the United States Court of Appeals for the Ninth Circuit because that court had failed to evaluate the two prongs of the Constitution's injury-in-fact requirement: particularity and concreteness. 136 S. Ct. at 1545. The Ninth Circuit, in holding that the plaintiff had standing, concluded only that the plaintiff adequately alleged a violation of his individual statutory rights, without evaluating whether that injury—i.e. the particularized FCRA violation—was concrete. Id. (emphasis in original). The Court merely held that "[t]his analysis was incomplete." Id. It took "no position as to whether the Ninth Circuit's ultimate conclusion—that [the plaintiff] [4]  adequately alleged an injury in fact—was correct." Id. at 1550.

>This holding is a far cry from the one GC Services advances. In fact, before remanding the case, the Court reaffirmed three important principles of its standing jurisprudence: first, that "concrete" is not synonymous with tangible, id. at 1549 (citing Pleasant Grove City v. Summum, 555 U.S. 460, 129 S. Ct. 1125, 172 L. Ed. 2d 853 (2009); second, "that Congress may 'elevate to the status of legally cognizable injuries concrete, de facto injuries that were previously inadequate in law,'" id. (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 578, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992); and third, that the risk of harm alone can satisfy the requirement of concreteness, id. (citing Clapper v. Amnesty Int'l USA, 133 S. Ct. 1138, 185 L. Ed. 2d 264 (2013). On these principles, "an alleged failure to comply with a federal law," as CG Services describes Dickens's complaint, may indeed be enough to confer standing. Spokeo in no way stands for the proposition that it is not.
>
>The second flaw in CG Services' argument is that it takes no account of Church v. Accretive Health, Inc., ___F. App'x.___, 2016 U.S. App. LEXIS 12414, 2016 WL 3611543 (11th Cir. July 6, 2016), a more recent decision from the Eleventh Circuit, a decision that, citing Spokeo, found that standing existed in a case nearly identical to this one. In that case, the allegation was the same one Dickens makes here: that the defendant debt collector did not include in its correspondence with the [5] plaintiff certain disclosures required by the FDCPA. 2016 U.S. App. LEXIS 12414, [WL] at *1. Noting that standing is a jurisdictional threshold courts must evaluate, the court first found that Congress, through the FDCPA, entitled the plaintiff to certain information, and thus an alleged invasion of this right is not hypothetical or uncertain. 2016 U.S. App. LEXIS 12414, [WL] at 3. It may not result in tangible economic or physical harm, the court noted, but neither does constitutional standing. Id. (citing Spokeo, 136 S. Ct. at 1549). When the plaintiff alleged that the defendant failed to provide information she was entitled to receive, the Court concluded, she alleged a congressionally elevated cognizable injury. Id. She alleged, in other words, a concrete injury.
>
>Though unpublished, this Court is convinced that the Eleventh Circuit's Church opinion is a more nuanced application of Spokeo and the principles underlying it. It is also directly on point. In the face of that persuasive authority, the Court will not read Spokeo as denying Dickens standing here. As the plaintiff did in Church, Dickens adequately alleged an injury in fact. He has standing and the Court has jurisdiction."

In support of our request that the Court consider the foregoing and attached document, we do not oppose defendant's having an opportunity to respond to the within motion so that the Court has as much information as possible in the spirit of each side doing the very best we can to represent our clients in this matter.

Thank you for the Court's consideration of the foregoing.

Yours faithfully,

/s/
Adam J. Fishbein

Cc:  Jon Hubbard, Esq.